UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL ACTION NO. 20-CV-1852

| | | |
|---|---|---|
| THE EMPLOYMENT LAW GROUP, P.C.,<br><br>Plaintiff,<br>v.<br><br>SAN DIEGO EMPLOYMENT LAW GROUP,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **COMPLAINT** |

Plaintiff The Employment Law Group, P.C., ("TELG") complains against defendant San Diego Employment Law Group ("SDELG"), also known sometimes as "San Diego Law Group," "San Diego Law Groups," "San Diego Legal Group," and "San Diego Education Law Group," as follows:

## NATURE OF SUIT

1. This is a suit against SDELG for trademark infringement and for unfair competition against TELG. TELG has used THE EMPLOYMENT LAW GROUP as its trademark in interstate commerce since at least as early as March 1, 2000 and it became incontestable in 2013. SDELG has recently adopted the mark "San Diego Employment Law Group" (the "Infringing Mark"), which infringes TELG's mark and which is likely to deceive consumers and, also, because of the bevy of confusing DBAs for SDELG (as set forth below), its manner of use of the Infringing Mark is particularly damaging to TELG. This Complaint seeks to stop this recent infringement and to obtain compensation and other relief for the damages caused by it.

## PARTIES

2. TELG is a District of Columbia professional corporation with a principal place of business at 888 17th Street NW, 9th Floor, Washington DC 20006.

3. Upon information and belief, SDELG is a California law firm based in San Diego, California. Upon further information and belief, SDELG operated under the name "Grady and Associates" until mid-2018, at which point SDELG began operating under the name "San Diego Employment Law Group" among other fictitious business names.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1331 and § 1332.

5. This Court has personal jurisdiction over SDELG under D.C. Code. § 13-423 and the Due Process Clause of the Fourteenth Amendment to the U.S Constitution because SDELG, in infringing upon TELG's protected mark, has caused harm to TELG, a resident of this district. Among other reasons, personal jurisdiction over SDELG also is proper because SDELG, in response to notification of its infringement of TELG's federally-protected marks, directed specific action toward this forum by (i) threatening a class-action lawsuit against TELG for unfair competition, and (ii) asserting that TELG has engaged in the unauthorized practice of law, thereby inappropriately attempting to leverage a veiled threat to bring an administrative claim against TELG in order gain advantage in a civil matter and mitigate TELG's trademark claim (in violation of California Rule of Professional Conduct 3.10(a)).

6. Venue in this Court is proper under 28 U.S.C. § 1391(b) because of TELG's residence here and because substantial part of the events giving rise to this claim occurred herein.

## FACTS

### A. TELG'S PROTECTED MARKS

7. TELG has used THE EMPLOYMENT LAW GROUP as its trademark in interstate commerce since at least as early as March 1, 2000 and federally registered that mark, both in standard character and logo formats, in 2008. Both of these registrations became incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065, in 2013, five years before SDELG, on information and belief, came into existence in mid-2018. This is demonstrated by **Exhibits 1 and 2,** which are true and correct copies of the registration certificates for Trademark Registration Nos. 3436135 and 3428807, along with USPTO acknowledgements of incontestability.

8. The incontestable registrations provide conclusive evidence of TELG's exclusive right to use its "THE EMPLOYMENT LAW GROUP" marks in commerce pursuant to 15 U.S.C. § 1115(b), as well as nationwide constructive notice of TELG's exclusive rights pursuant to 15 U.S.C. § 1072.

9. For more than twenty years, TELG has used its THE EMPLOYMENT LAW GROUP mark in interstate commerce continuously in connection with the provision of legal services to clients across the nation. Attached as **Exhibit 3** is a true and accurate screenshot of TELG's website, downloaded July 6, 2020, demonstrating TELG's use of the mark in connection with its services.

10. As a result of its widespread, continuous, and exclusive use of the mark to identify its services and TELG as their source, TELG owns both valid and subsisting federal statutory and common law rights to the mark.

11. TELG's THE EMPLOYMENT LAW GROUP mark is distinctive and recognizable to both the consuming public and TELG's trade; it is known throughout the industry and beyond for its quality legal services.

12. TELG provides legal services under THE EMPLOYMENT LAW GROUP marks nationwide, including within the State of California and in San Diego County.

13. As a result of TELG's expenditures and efforts, the "The Employment Law Group" mark has come to signify the high quality of the services designated by the mark, and has acquired incalculable distinction, reputation, and goodwill belonging exclusively to TELG.

14. TELG has expended substantial time, money, and resources marketing, advertising, and promoting the legal services that it provides under its protected marks, as well as enforcing its trademarks against infringing uses.

**B. SDELG'S USE OF THE INFRINGING MARK**

15. SDELG is, on information and belief, a California law firm based in San Diego, California, that offers legal services under multiple names as outlined in its registration of four fictitious business names in San Diego public records. Attached as **Exhibit 4** is a set of true and correct screenshots, taken July 7, 2020, demonstrating that Dennis Michael Grady registered the following fictitious business names in San Diego on November 17, 2017: San Diego Employment Law Group, San Diego Education Law Group, San Diego Law Group, and San Diego Legal Group. **Exhibit 4** also demonstrates that the proof of publication records for these fictitious entities were filed on January 4, 2018.

16. While TELG has been operating under the same name, and using its marks for more than two decades, SDELG only recently came into existence. SDELG, on information and belief,

adopted "San Diego Employment Law Group" (the "Infringing Mark") along with at least three other fictitious business names as trademarks in 2018.

17. Currently SDELG uses the Infringing Mark at www.lawgrady.com, a true and correct screenshot of which, taken June 20, 2020, is attached hereto as **Exhibit 5**, as well as on its letterhead, an example of which is attached as **Exhibit 6**. The San Diego Employment Law Group website, **Exhibit 5**, contains, upon information and belief, the misleading statement that "San Diego Employment Law Group has represented clients in Southern California since 1992," when, upon information and belief, it only recently adopted that name. It also claims that "attorneys at the firm are admitted to practice before… the United States Supreme Court" in Washington, DC, where TELG is headquartered.

18. "San Diego Employment Law Group," upon information belief, also does business as "San Diego Education Law Group" and "San Diego Law Groups," as shown in **Exhibit 6**, where these marks are variously used atop SDELG letterheads, and at www.studentrightslaw.com, a true and correct screenshot of which, taken July 6, 2020, is attached hereto as **Exhibit 7**. The www.studentrightslaw.com website and www.lawgrady.com share significant content and, upon information and belief, are operated by SDELG. **Exhibit 6** also demonstrates that, despite having filed for the name "San Diego Law Group," SDELG appears to, in addition to the names addressed above, operate under the name "San Diego Law Groups."

### C. SDELG'S HISTORY OF NAME CHANGES AND NEGATIVE REVIEWS

19. On information and belief, until approximately May 2018, SDELG operated under the name Grady and Associates. Attached as **Exhibit 8** is a true and correct screenshot, taken June 20, 2020, demonstrating that "Grady and Associates" operated at an address that SDELG now

operates from, with the same phone number that SDELG now uses, and noting that Dennis M. Grady, SDELG's Managing Partner, was an attorney at Grady and Associates.

20. On information and belief, in addition to the multiple aliases of his firm, Mr. Grady was formerly known as Dennis M. Brady and continues to be listed, as active, under both names in California State Bar directory. Records from the California State Bar directory are attached hereto as **Exhibit 9**. In addition, despite the fact that Mr. Grady appears to be using name Grady now (rather than Brady) clicking on "Grady, Dennis Michael" in the "Attorney Search" feature of the State Bar of California website leads to the "Attorney License Profile" for Dennis N. Brady. A true and correct screenshot of that profile, taken July 6, 2020, is attached as **Exhibit 10**. There is no separate "Attorney License Profile" for Dennis Grady.

21. On information and belief, Mr. Grady (formerly Brady), Grady and Associates (now SDELG) have a number of unsatisfied clients who have been vocal online about their dissatisfaction with the firm and its managing partner. Attached as **Exhibit 11** is a true and correct screenshot, taken June 20, 2020, representative of such postings.

**D. SDELG IS INFRINGING TELG'S MARKS**

22. SDELG is using the Infringing Mark in connection with promoting, advertising, and offering its legal services, as shown in **Exhibits 5 and 6**.

23. SDELG is offering services identical to those offered by TELG. Thus, SDELG is directly competing with TELG.

24. SDELG is not affiliated with nor sponsored by TELG and has not been authorized by TELG to use the Infringing Mark, or any other mark confusingly similar thereto, to identify its services.

25. The Infringing Mark adopted and used by SDELG is confusingly similar to TELG's THE EMPLOYMENT LAW GROUP marks. SDELG's claimed "San Diego Employment Law Group" trademark incorporates text that is identical to THE EMPLOYMENT LAW GROUP and uses it in connection with the offering and sales of identical services.

26. Upon information and belief, SDELG has marketed, advertised, promoted, and sold its services under the Infringing Mark.

27. SDELG's adoption and use of "San Diego Employment Law Group" mark is likely to cause confusion, mistake, or deception among purchasers and the consuming public as to the source, affiliation, or sponsorship of SDELG's services.

28. Confusion, mistake or deception among purchasers and the consuming public as to the source, affiliation, or sponsorship of SDELG's services would be particularly harmful to TELG, given SDELG's history of consumer complaints, as set forth in **Exhibit 11**.

29. On June 9, 2020, TELG's counsel sent a cease and desist letter (the "Demand Letter") to SDELG objecting to SDELG's use of the Infringing Mark and seeking to resolve the matter constructively. Attached as **Exhibit 12** is a true and correct copy of the Demand Letter.

30. SDELG, through counsel, first responded to the Demand Letter on June 15, 2020. **Exhibit 6** is a true and correct copy of SDELG's response letter, which included baseless allegations that TELG is engaging in the unauthorized practice of law and threatened a class action lawsuit against TELG under California Business and Professions Code Section 17200 – a section citing unfair competition – because, in Mr. Grady's words, "many employment law attorneys will not look kindly upon a remote, out of state law firm engaging in the unauthorized practice of law to invade our client base and then attempting to hinder the operations of a local law firm."

31. SDELG's use of the Infringing Mark constitutes willful infringement.

32. SDELG's infringing acts as alleged herein are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the SDELG's services and are likely to deceive the relevant consuming public into believing, mistakenly, that SDELG's services originate from, are associated or affiliated with, or otherwise authorized by TELG.

33. Upon information and belief, SDELG's acts are willful with the deliberate intent to trade on the goodwill of TELG's marks, cause confusion and deception in the marketplace, and divert potential sales of TELG's services to SDELG.

34. SDELG's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to TELG and to its valuable reputation and goodwill with the consuming public for which TELG has no adequate remedy at law.

**COUNT ONE – Federal Trademark Infringement**

35. TELG repeats and re-alleges each and every allegation above as if set forth herein.

36. U.S. Trademark Registration Nos. 3436135 and 3428807 for the THE EMPLOYMENT LAW GROUP marks are valid and incontestable and entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*.

37. SDELG's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the source, affiliation or sponsorship the "San Diego Employment Law Group" trademark, and is likely to cause consumers to believe, contrary to fact, that SDELG's services are sold or sponsored by, or otherwise affiliated with TELG. SDELG's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

38. Upon information and belief, SDELG has committed the foregoing acts of infringement with full knowledge of SDELG's prior rights in the "The Employment Law Group" Marks and with the willful intent to cause confusion and trade on TELG's goodwill.

39. The intentional nature of the aforementioned acts of SDELG makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

40. SDELG's conduct is causing immediate and irreparable harm and injury to TELG, and to its goodwill and reputation, and will continue to both damage TELG and confuse the public unless enjoined by this court. TELG has no adequate remedy at law.

41. Upon information and belief, SDELG has profited and has been unjustly enriched by sales of its services, under the Infringing Mark. SDELG would not have realized the full amount of these profits but for its unlawful conduct, to SDELG's gain and TELG's detriment.

42. TELG is entitled to, among other relief, injunctive relief and an award of actual damages, SDELG's profits, enhanced damages and profits, reasonable attorneys' fees, interest, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO – Federal Unfair Competition**

43. TELG repeats and re-alleges each and every allegation above as if set forth herein.

44. SDELG's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the source, affiliation or sponsorship of the "San Diego Employment Law Group" trademark and SDELG's services, and is likely to cause consumers to believe, contrary to fact, that SDELG's services are sold, authorized, endorsed, or sponsored by TELG, or that SDELG is in some way affiliated with or sponsored by TELG, in violation of 15 U.S.C. § 1125(a).

45. Consumers believing that SDELG is in some way associated with TELG is especially harmful in light of the exceedingly negative consumer reviews of the legal services offered by SDELG's predecessor Grady Law and Associates.

46. SDELG's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

47. SDELG's use of the Infringing Mark in connection with the services it offers was, and is, done with full knowledge that such use was not authorized or licensed by TELG. SDELG has and continues to willfully use the Infringing Mark with the intent to confuse, mislead, or deceive customers and others as to the origin, source, sponsorship, or affiliation of SDELG's services, and with the intent to trade on TELG's reputation and goodwill.

48. SDELG's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

49. The intentional nature of the aforementioned acts of SDELG makes this an exceptional case pursuant to 15 U.S.C. § 1117(a).

50. SDELG's conduct as alleged herein is causing immediate and irreparable harm and injury to TELG, and to its goodwill and reputation, and will continue to both damage TELG and confuse the public unless enjoined by this court.

51. TELG has no adequate remedy at law because the financial harm, and the harm to TELG's goodwill, as a result of SDELG's unlawful conduct is extraordinarily difficult to quantify, if it can be quantified at all.

52. TELG is entitled to, among other relief, injunctive relief and an award of actual damages, SDELG's profits, enhanced damages and profits, reasonable attorneys' fees, interest,

and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, TELG prays:

1. That the Court finds that SDELG is infringing on TELG's protected marks;

2. That a constructive trust be imposed on all proceeds and/or fruits of the sales of services offered through a mark that infringes TELG's THE EMPLOYMENT LAW GROUP trademark;

3. Pursuant to 15 U.S.C. § 1118, that SDELG be directed to deliver up for destruction all infringing packages, labels, advertisements, promotions, point of sale materials, signs, prints, and all other materials in their possession or under their control;

4. That each SDELG be directed to file with the Court and serve upon TELG, within 30 days after entry of the final judgment, a report in writing and under oath setting forth in detail the manner and form in which SDELG has complied with the provisions set forth in Paragraphs 2 and 3 above.

5. Pursuant to 15 U.S.C. §§ 1117 and 1125, that SDELG account and pay TELG damages in an amount equivalent to all the profits that are attributable to SDELG' infringements, and such sums as the Court finds to be just, and further, that the amount of the monetary award granted by trebled in view of the willful and deliberate nature of SDELG's unlawful conduct;

6. Pursuant to 15 U.S.C. §§ 1117 and 1125, and the common law, that this be held to be an exceptional case and that SDELG be ordered to pay TELG the costs of this action and TELG's reasonable attorneys' fees;

7. That TELG's reasonable attorneys' fees be awarded; and

8. That TELG be granted such other, further, different, or additional relief as this Court deems equitable and proper.

This the 9th day of July, 2020.

SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, LLP

/s/ Edward F. Roche
Edward F. Roche
D.C. Bar No. 1029012
eroche@smithlaw.com

Christopher G. Smith
D.C. Bar No. No. 438466
csmith@smithlaw.com
*Pro Hac Vice Motion Forthcoming*
Philip J. Cardinale
D.C. State Bar No. 979949
pcardinale@smithlaw.com
*Pro Hac Vice Motion Forthcoming*
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800

*Attorneys for Plaintiff*