UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMPLOYMENT LAW GROUP, P.C., <br><br> Plaintiff, <br><br> vs. <br><br> DENNIS N. BRADY d/b/a SAN DIEGO EMPLOYMENT LAW GROUP, <br><br> Defendant. | Case No.: 3:22-cv-00052-JO-AHG <br><br> **ORDER GRANTING JOINT MOTION FOR CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiff The Employment Law Group, P.C. ("TELG") brought two claims against Dennis N. Brady under the Lanham Act: for trademark infringement under 15 U.S.C. § 1114, and for unfair competition under 15 U.S.C. § 1125(a). Both claims alleged that Mr. Brady's use of the "San Diego Employment Law Group" mark infringes TELG's federally registered THE EMPLOYMENT LAW GROUP trademark. TELG sought a permanent injunction, damages, and other relief. Mr. Brady has not yet filed an answer.

TELG and Mr. Brady have agreed to entry of this Stipulated Consent Judgment and Permanent Injunction to resolve all matters in dispute between them in this action, although neither party admits any wrongdoing or liability to the other. TELG and Mr. Brady have consented to entry of this judgment without trial or adjudication of any issue of law or fact, and the Court approves of the Stipulated Consent Judgment and Permanent Injunction and finds there is good cause for its entry.

**NOW, THEREFORE**, the parties having requested the Court to enter this judgment, it is hereby ordered, adjudged, and decreed:

## STIPULATED FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction in this case and has jurisdiction over the parties.

2. The Complaint states claims upon which relief may be granted against Mr. Brady under 15 U.S.C. §§ 1114 and 1125(a).

3. Venue in this Court is proper under 28 U.S.C. § 1391(b)(1), (2).

4. The balance of hardships and the public interest favor the issuance of a permanent injunction in favor of TELG.

5. No bond shall be required.

6. TELG is an employment law firm representing individuals in a variety of legal actions against employers.

7. TELG represents clients across the country, including in San Diego.

8. TELG has used THE EMPLOYMENT LAW GROUP as its trademark in interstate commerce since at least as early as March 1, 2000.

9. TELG obtained federal registration for that trademark, both in standard character and logo formats in 2008. Those trademarks became incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, in 2013.

10. TELG is known by its distinctive THE EMPLOYMENT LAW GROUP trademark throughout the industry.

11. Mr. Brady began using the name "San Diego Employment Law Group" for his firm in 2018 without authorization from TELG.

12. Using the "San Diego Employment Law Group" name, Mr. Brady represents individuals in actions against employers.

13. The use of the name "San Diego Employment Law Group" is likely to create confusion among consumers with THE EMPLOYMENT LAW GROUP trademark registered and owned by TELG.

14.   TELG is suffering irreparable harm as a result.

15.   The parties agree that Mr. Brady's use of the alternative name "San Diego Employment Attorneys Group" would not create confusion among customers with THE EMPLOYMENT LAW GROUP trademark registered and owned by TELG.

16.   Both parties agree to entry of this Stipulated Consent Judgment and Permanent Injunction to resolve all matters in dispute between them, and agree to be bound by this Stipulated Consent Judgment and Permanent Injunction.

17.   Both parties waive all rights to seek judicial review or otherwise challenge or contest the validity of this judgment, and further waive and release any claim, known or unknown, either may have against the other and its or his partners, employees, and agents.

18.   The parties shall each bear their own costs and attorneys' fees incurred in this action.

## JUDGMENT AND ORDER

Accordingly, judgment is hereby entered in favor of Plaintiff, TELG, and against Defendant, Mr. Brady.

**IT IS THEREFORE ORDERED** that Mr. Brady and his agents, employees, attorneys, and other persons with whom he is in active concert or participation are **PERMANENTLY AND IMMEDIATELY ENJOINED** from directly or indirectly:

A.   Using or displaying the name "San Diego Employment Law Group" or any other name that includes the term "Employment Law Group" in connection with the provision, marketing, advertising, or promotion of legal services, except that Mr. Brady may continue using or displaying the name "San Diego

Employment Law Group" only in compliance with the Phase-Out Provision below; or

  B. Using or displaying any other name likely to give rise to a likelihood of confusion with TELG's THE EMPLOYMENT LAW GROUP trademark in connection with the provision, marketing, advertising, or promotion of legal services; or

  C. Otherwise infringing TELG's trademarks.

**IT IS FURTHER ORDERED** that Mr. Brady and his agents, employees, attorneys, and other persons with whom he is in active concert or participation shall:

  D. Immediately take all reasonable steps to destroy any advertising paraphernalia, signs, stationery, advertising, and other items, whether in physical, electronic, or other form, that provide, advertise, or promote services under the name "San Diego Employment Law Group," any other name including the term "Employment Law Group," or any name likely to cause confusion with TELG's THE EMPLOYMENT LAW GROUP trademark.

  E. Consistent with the terms of the Settlement Agreement, Mr. Brady shall have a grace period of up to sixty (60) days to implement the changes required by this Order and Judgment.

//
//
//
//
//
//

This Court will retain jurisdiction over any disputes between the parties, their heirs, successors, and assigns with respect to the enforcement of this Stipulated Consent Judgment and Permanent Injunction and the separately executed Confidential Settlement Agreement between the parties.

IT IS SO ORDERED.

Dated: 6/1/22

Honorable Jinsook Ohta
United States District Judge